UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANINE SCHWARZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DAVID B. WATNER, ATTORNEY AT LAW,<br><br>　　　　Defendant. | Docket No. 2:24-cv-6031<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Janine Schwarz ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant David B. Watner, Attorney at Law ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with an address at 1129 Bloomfield Avenue, Suite 208, West Caldwell, NJ 07007.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## **CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. All individuals with addresses in the State of New Jersey;

   b. Who received an initial collection communication from the Defendant;

   c. Which contained contradictory statements regarding the amount of time to dispute the debt or to request validation of the debt; and

   d. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

Subclass consists of:

   a. All individuals with addresses in the State of New Jersey;

   b. Who received a collection communication from the Defendant;

   c. Which contained a balance for the total amount owed;

   d. That included an incorrect amount for the initial amount owed; and

   e. That included an improper amount charged to Plaintiff for fees; and

   f. which improper collection actions occurred on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over

      any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g.

  c.  **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

  d.  **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

  e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. On or around December 25, 2019, Plaintiff incurred an alleged debt to Boris Mordkovich, MD ("Boris").

22. The alleged debt was incurred solely for personal, household or family purposes, specifically, emergency medical care.

23. The subject obligations are consumer-related, and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Upon information and belief, Boris contracted with Defendant for the purpose of collecting a debt.

25. The Plaintiff disputes the existence of this debt in its entirety as Horizon insurance, her insurer, has previously stated in a letter to both herself and "Boris" that once insurance funds have been paid the Plaintiff cannot be balance billed. The collection letter clearly shows that insurance funds were accepted, therefore the debt is not valid.

<u>*Violation I – Contradictory Dispute Dates*</u>

26. On April 5, 2024, Defendant mailed a collection communication to the Plaintiff to collect on the Boris account. A true and accurate copy of this letter is attached as Exhibit A, hereinafter, "Letter."

27. The Letter offers various options to dispute the debt and gives a May 10, 2024 as the deadline to make such disputes.

28. Additionally, the Letter ends with a paragraph that states the Plaintiff only has 30 days to dispute the debt which would fall on or around May 5, 2024.

29. The resulting contradictory statements left the Plaintiff confused as to what was the true deadline to dispute her debt.

30. Furthermore, the second paragraph does not explicitly state that calling or writing are valid methods to dispute the debt, rather demands a written dispute, which is contradictory to the earlier language that allows for a dispute to be made by calling or writing.

31. As a result, Plaintiff was unable to determine precisely what her rights were under the validation period, given the conflicting information.

32. These inconsistencies made the Plaintiff believe that this letter was a scam.

33. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

34. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

35. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

36. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

37. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

38. One important element of consumer protection revolves around keeping the consumer informed.

39. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

40. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

41. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

42. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

43. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

44. By sending the Letter, Defendant acted unfairly and unconscionably by overshadowing the rights granted to consumers during the validation period.

45. Because Defendant's Letter is inconsistent and overshadows the Plaintiff's right to dispute the debt or request the name and address of the original creditor during the validation period, Defendant violated multiple provision of the FDCPA

### *Violation II – Improper Amounts*

46. The Letter contains a breakdown of the alleged total amount owed for the debt.

47. In the breakdown, Defendant states that the Plaintiff owed $26,650.00 as of December 25, 2019. *See id*.

48. In the same breakdown, Defendant also states that, between December 25, 2019 and the date the Letter was sent, no interest was incurred on the debt, payments or credits were made in the amount of $11,737.67 towards the debt, and fees accrued in the amount of $4,473.69. *See id*.

49. Defendant concludes the breakdown by stating that the total balance owed now is $19,386.02. *See id*.

50. This breakdown contains many inaccuracies and flaws.

51. A letter was sent to Boris from the Plaintiff's health insurance carrier dated November 9, 2021. A true and accurate copy of this letter is attached as Exhibit B, hereinafter, "Insurance Letter."

52. The Insurance Letter states "the total allowance of $12,371.18 represents our final offer for the reimbursement for this service."

53. The Insurance Letter also states "the member's in-network cost share amount is $782.48. The member cannot be balance billed."

54. The Letter provides no explanation as to why such an exorbitant amount of fees were incurred on the debt.

55. Furthermore these fees are illegal and improper as they are not provided for under the law or by contract.

56. More importantly, the Plaintiff disputes the existence of this debt in its entirety as Horizon insurance, her insurer, has stated in Exhibit B which is a letter to both herself and "Boris" that once insurance funds have been paid the Plaintiff cannot be balance billed. The collection letter clearly shows that insurance funds were accepted, therefore the debt is not valid.

57. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

58. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount of the fees charged on the alleged debt, the amount that was paid or credited, and the total amount due now.

59. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

60. By deceptively misrepresenting the amount paid or credited, and the total amount due on the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

61. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

62. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law."

63. Defendant's attempt to unlawfully collect on fees in excess of the lawful amount it can collect and attempting to collect an amount higher than the amount stated in the Insurance Letter collect is a direct violation of 15 U.S.C. § 1692f(1).

64. By showing such a significant fees charge, stating the incorrect amount paid or credited, and attempting to collect an amount more than what the Plaintiff is responsible for, Defendant acted unfairly and unconscionably in an effort to collect a debt and to collect more than they are legally obligated to collect upon, in violation of 15 U.S.C. § 1692f.

65. Pursuant to 15 U.S.C. § 1692g, a debt collector must provide certain disclosures to consumers related to the underlying debt, including the amount of the debt, the name of the creditor to whom the debt is owed, and statements regarding the dispute or verification process.

66. Pursuant to 15 U.S.C. § 1692g(a)(1), Defendant is required to inform the Plaintiff of the amount owed on the alleged debt.

67. Defendant violated 15 U.S.C. § 1692g when it failed to provide the correct itemization for an initial collection communication.

68. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

69. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

70. Defendant's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

71. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

72. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

73. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

74. Furthermore, the Plaintiff disputes this debt in its entirety and the inclusion of the proper required information not only could have shed some light on this alleged debt but would have given her the proper mechanisms to dispute the debt.

75. These violations by Defendant were knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

76. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

77. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

78. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue of the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, and conversion.

79. Defendant's debt collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

80. Defendant's violations were material misrepresentations because they are likely to affect Plaintiff's choice or conduct regarding how to respond to an outstanding debt claim and are likely to mislead Plaintiff, who was acting reasonably under the circumstances.

81. Specifically, Defendant's careless, deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

82. Because of Defendant's conduct, Plaintiff expended time and money in determining the proper course of action.

83. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

84. In addition, Plaintiff suffered actual damages in the form of emotional and physical harm because of Defendant's improper acts, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

85. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

86. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

87. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

88. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

89. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

90. Defendant violated §1692d:

    a. By providing inconsistent descriptions of dispute methods and dates.

    b. By collecting an improper debt.

91. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e** *et seq.*

92. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

93. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

94. Pursuant to 15 U.S.C. § 1692e: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

95. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

96. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

97. Thus, Defendant violated 15 U.S.C. § 1692e:

   a. By providing two different validation periods in the Letter, one of which must be incorrect and a misrepresentation of the Plaintiff's rights;

   b. By providing contradictory validation information regarding the proper method of dispute;

   c. By misrepresenting the amount of fees incurred on the alleged debt;

   d. By misrepresenting the total amount of the payment or credit that was applied toward the alleged debt;

   e. By misrepresenting the total amount due on the alleged debt; and

   f. By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing itself.

98. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## **COUNT III**
### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692f et seq.**

99. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

100. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

101. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

102. Additionally, § 1692f(1) prevents debt collectors from collecting any amount that is not "expressly authorized by the agreement creating the debt or permitted by law."

103. Defendant violated §1692f:

   a. By unfairly and unconscionably sending collection letters with unreasonable fees charges without showing that it was legally authorized to collect such an amount;

   b. By unfairly and unconscionably infringing on Plaintiff's rights to dispute the debt or to request more information during the validation period;

   c. By failing to maintain policies and procedures to avoid collection communications from misrepresenting and overshadowing each other; and

   d. By failing to maintain policies and procedures that were reasonably calculated to prevent Defendant from making collection communications seeking more money than it is legally authorized to collect upon.

104. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g et seq.

105. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

106. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

107. Pursuant to 15 USC §1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

108.  Defendant violated Section 1692g(a):

    a.  By failing to disclose the correct total amount owed on the alleged debt, the amount paid or credit toward the debt, and the amount of fees that were incurred on the alleged debt over the specified timeframe; and

    b.  By failing to maintain policies and procedures that were reasonably calculated to prevent collection communications from being sent that did not obfuscate the balance of the alleged debt and the fees incurred.

109.  Pursuant to 15 U.S.C. § 1692g(b):

Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

110.  Thus, Defendant violated 15 U.S.C. § 1692g:

    a.  By providing a different time frame to request validation or to dispute the underlying debt within the same Letter, which overshadows and is inconsistent with the original time frame provided.

    b.  By providing contradictory dispute methods.

111.  By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

112. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Janine Schwarz, demands judgment from Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);

4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: May 10, 2024

/s/ Rami M. Salim
**Stein Saks, PLLC**
By: Rami M. Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
rsalim@steinsakslegal.com
*Attorneys for Plaintiff*